# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JAHMELIA YOUNG,<br>c/o Stokar Law, LLC<br>9200 Montgomery Road<br>Bldg E – Suite 18B<br>Cincinnati, Ohio 45242 | : <br> : <br> : <br> : <br> : <br> : | CASE NO:<br><br>JUDGE: |
| Plaintiff, | : | |
| vs. | : | |
| FAMILY MATTERS LEARNING<br>CENTER, LLC<br>34 Triangle Park Drive<br>Cincinnati, OH 45246<br>c/o<br>Makisha Miller<br>Registered Agent<br>34 Triangle Park Drive<br>Cincinnati, OH 45246, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | VERIFIED COMPLAINT<br><br>(WITH JURY DEMAND) |
| and | : | |
| MAKISHA MILLER, Individually,<br>34 Triangle Park Drive<br>Cincinnati, OH 45246, | : <br> : <br> : <br> : | |
| Defendants. | : | |

Plaintiff Jahmelia Young ("Young"), for her Complaint against Defendants Family Matters Learning Center, LLC and Makisha Miller, Individually, (collectively, "Defendants") states as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff was a non-exempt employee of Defendants. Defendants failed to pay Plaintiff at least minimum wage for all hours worked.

2.  Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Title 29 of the Code of Federal Regulations, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01 *et seq.* Plaintiff seeks redress, including pay for all hours worked and unpaid wages for the three (3) years preceding the filing of this action, liquidated damages in an equal amount, reinstatement and backpay, declaratory and injunctive relief, and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

3.  Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. Federal jurisdiction is invoked to secure protection of and to redress deprivations of rights under the statutes of the United States, specifically including the FLSA, 29 U.S.C. § 201, *et seq.*

4.  Plaintiff seeks an exercise of this Court's Supplemental Jurisdiction as to the Ohio State law claims under 28 U.S.C § 1367.

5.  Plaintiff is an adult female citizen of the State of Ohio.

6.  Defendants have their principal place of business within the Southern District of Ohio.

7.  The acts and/or omissions complied of herein were committed and had a principal effect, as described more fully below, within the Southern District of Ohio, Western Division.

8.  Venue is appropriate because the actions complained of by the Plaintiff occurred within the Southern District of Ohio, Western Division.

## III. PARTIES

9.  Plaintiff Young is a citizen of the United States who resides in Cincinnati, Ohio. Plaintiff was an employee of Defendants from February 2025 until she resigned in April 2025. Her position was Lead Pre-School Teacher, and she was paid $17.00 per hour.

10. Defendant Family Matters Learning Center, LLC is a for-profit limited liability company organized under the laws of the State of Ohio and is located at 34 Triangle Park Drive Cincinnati, OH 45246.

11. Defendant Family Matters Learning Center, LLC is an employer under 29 U.S.C. § 203(d).

12. Defendant Family Matters Learning Center, LLC is an enterprise within the meaning of 29 U.S.C. § 203(r).

13. Defendant Makisha Miller, individually, is the owner of Family Matters Learning Center, LLC and sets the terms and conditions of work for individuals employed at Family Matters Learning Center, LLC.

14. Defendant Miller is a person "acting directly or indirectly in the interest of an employer in relation to an employee" and, therefore, meets the definition of "employer" within the meaning of 29 U.S.C. § 203(d).

15. The wage and hour violations alleged herein took place within Sharonville, Hamilton County, Ohio, which is within this judicial district.

## IV. STATEMENT OF FACTS

16. Defendant Family Matters Learning Center, LLC is a daycare center.

17. Plaintiff was employed by Defendants as an hourly employee from February 2025 until April 2025.

18. Plaintiff's job duties included taking care of the children at the daycare center.

19. The work performed by Plaintiff was non-exempt.

20. On or about April 9, 2025, Plaintiff tendered her two-week notice of resignation.

21. On or about April 14, 2025, Plaintiff was obtaining cleaning supplies from an office at Family Matters Learning Center, LLC and accidentally knocked a computer off the computer stand and onto a desk.

22. Upon information and belief, the computer was damaged when it fell.

23. Instead of utilizing insurance to cover the cost of the broken computer, Defendant Miller withheld money from Plaintiff's paycheck.

24. Plaintiff did not consent to the withholding of any money from her paycheck.

25. The unlawful withholding caused Plaintiff to be paid less than minimum wage (both state and federal) for all hours worked during the relevant timeframe.

26. During the pay period at issue, the workweeks of March 30, 2025 to April 5, 2025 and April 6, 2025 to April 12, 2025, Plaintiff worked 55.084 hours and received a paycheck for $16.02.

27. A true and correct copy of the paystub showing the deduction is attached hereto as Exhibit A.

28. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer economic losses, and other damages.

## V. STATEMENT OF CLAIMS

### Count One
### Failure to Pay Minimum Wage Under the FLSA
### 29 U.S.C. § 206(a)

29. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

30. Defendants violated the FLSA by making an improper deduction from Plaintiff's pay, presumably as repayment for the damaged computer.

4

31. As a result of this improper deduction, Plaintiff's hourly wage fell below the required minimum wage for the workweeks of March 30, 2025 to April 5, 2025 and April 6, 2025 to April 12, 2025.

32. Defendants' actions were willful, and Plaintiff is entitled to recover the improper deduction, liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

## Count Two
### Failure to Pay Minimum Wage Under the OMFWSA
### R.C. 4111 *et seq.*

33. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

34. Under R.C. 4111.02, Defendants were required to pay Plaintiff at certain minimum wage.

35. Plaintiffs failed to pay Plaintiff at least minimum wage for all hours worked during the workweeks of March 30, 2025 to April 5, 2025 and April 6, 2025 to April 12, 2025

36. Defendant's conduct as described above violates the OMFWSA provisions governing payment of minimum wage.

37. Plaintiff is, therefore, entitled to the remedies contained in R.C. 4111.10(A) because of Defendants' failure to pay minimum wage.

## Count Three
### Unjust Enrichment/Quantum Meruit

38. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

39. Plaintiff conferred benefits upon Defendants when she worked hours and provided services to the Defendant and performed such other acts and conduct for Defendants' benefit.

40. The benefits were conferred by Plaintiff without receiving just compensation from Defendants for the services rendered.

41. Defendants have been unjustly enriched by the benefits conferred by Plaintiff.

42. Plaintiff is entitled to just compensation for the reasonable value of the services rendered to Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Judgment against Defendants for violating the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act;

2. An Order declaring that Defendants' violations of the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act were willful;

3. An injunction prohibiting Defendants from engaging in future Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act violations;

4. An award of unpaid wages and liquidated damages thereon consistent with the provisions of the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act;

5. An award of Plaintiff's reasonable attorney's fees and costs; and

6. All such other relief as the Court deems appropriate under the premises.

Respectfully submitted,

**STOKAR LAW, LLC**

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)
9200 Montgomery Road
Building E – Unit 18B
Cincinnati, Ohio 45242
Tel: 513-500-8511
rss@stokarlaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JAHMELIA YOUNG,<br>c/o Stokar Law, LLC<br>9200 Montgomery Road<br>Bldg E – Suite 18B<br>Cincinnati, Ohio 45242 | : <br> : <br> : <br> : <br> : | CASE NO:<br><br>JUDGE: |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | |
| FAMILY MATTERS LEARNING<br>CENTER, LLC<br>43 Triangle Park Drive<br>Cincinnati, OH 45246<br>c/o<br>Makisha Miller<br>Registered Agent<br>43 Triangle Park Drive<br>Cincinnati, OH 45246, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | VERIFICATION |
| and | : <br> : | |
| Makisha Miller, Individually,<br>43 Triangle Park Drive<br>Cincinnati, OH 45246, | : <br> : <br> : <br> : | |
| Defendants. | : | |

STATE OF OHIO         )
                      ) SS:
COUNTY OF HAMILTON    )

Jahmelia Young, having been first duly sworn under oath, hereby states the following:

1. My name is Jahmelia Young. I am an adult female citizen of the United States and currently reside in Cincinnati, Hamilton County, Ohio.

2. I am over the age of 18 and am competent to testify as to all matters described herein.

3. I have read the foregoing Verified Complaint.

4. I am well acquainted with the facts as set forth in the Verified Complaint and the facts

8

stated therein are true to the best of my personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Jahmelia Young

The foregoing instrument was sworn, subscribed to, and acknowledged before me in my presence this 23rd day of April, 2025.

_____
Notary Public

My Commission Expires: **DOES NOT EXPIRE**

Robb Sneiderman Stokar, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

9