**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAHMELIA YOUNG,

    Plaintiff,

    v.

FAMILY MATTERS LEARNING
CENTER, LLC, et al.,

    Defendants.

Case No. 1:25-cv-262

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Plaintiff Jahmelia Young worked for Defendant Family Matters Learning Center, owned by Defendant Makisha Miller, for approximately three months. (Compl., Doc. 1, #3). In the last week of her employment, she accidentally damaged a computer, so Defendants deducted the costs of that damage from her paycheck. (*Id.* at #4). Young alleges that this deduction led Defendants to pay her less than minimum wage for the work period. (*Id.*). So Young sued, arguing this deduction violated the Fair Labor Standards Act (FLSA) and related state law as well as unjustly enriched the Defendants. (*Id.* at #4–6). Plaintiff served the Defendants, (Docs. 6, 7), but they have declined to answer or otherwise defend themselves. Accordingly, the Clerk entered default, (Doc. 10), and then Young filed the instant motion for default judgment, (Doc. 11). Before moving for default judgment, though, Young first moved to recover the costs of service and attorneys' fees because Defendants failed to waive service. (Doc. 8). For the reasons explained below, the Court **GRANTS** both Plaintiff's Motion for Costs and Attorneys' Fees (Doc. 8) and

the Motion for Default Judgment (Doc. 11). Therefore, the Court enters judgment against Defendants in the amount of $7,851.94.

## BACKGROUND[1]

Defendant Family Matters Learning Center employed Young as a Lead Pre-School Teacher in its daycare center. (Doc. 1, #2–3). Defendant Makisha Miller owns the Family Matters Learning Center and "sets the terms and conditions of work for individuals employed" there. (*Id.* at #3). Young worked at the daycare center for approximately three months, from February to April 2025. (*Id.*). While there, her main responsibility was watching over the children. (*Id.*). On April 9, 2025, Young submitted her two-week notice of resignation. (*Id.*). The following week, she accidentally "knocked a computer off the computer stand and onto a desk," damaging the computer. (*Id.* at #4). To recover the cost of the broken computer, Defendants deducted the cost from Young's paycheck. (*Id.*). As a result of that deduction, Young only received $16.02, after taxes, for 55.084 hours of work between March 30 and April 12, 2025. (*Id.*; *see* Doc. 1-1, #11 (paystub showing deduction)).

So on April 23, 2025, Young sued both Family Matters Learning Center and Miller for paying her less than the required minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a), and in violation of Ohio Revised Code § 4111, et seq. (Doc. 1, #4–5). Additionally, she brought a claim for unjust enrichment/quantum meruit. (*Id.* at

---

[1] When considering a motion for default judgment, the court accepts as true all well-pleaded allegations except those relating to the amount of damages. *See Beaver v. Eastland Mall Holdings, LLC*, No. 2:20-cv-485, 2021 WL 1084610, at *2 (S.D. Ohio Mar. 22, 2021). So the Court's summary of the factual background rests on the allegations in Young's Complaint (Doc. 1).

#5–6). Young properly served the Defendants on June 18, 2025. (*See* Docs. 6, 7). Because the Defendants failed to waive service, though, Young moved for an award of the costs of perfecting service, which amounted to $111.26, along with the attorneys' fees she incurred in connection with formal service, $1,703.50. (*See* Doc. 8, #28).

Moreover, once served, the Defendants failed to answer or otherwise plead in response to the Complaint. So the Clerk entered default on July 15, 2025. (Doc. 10). A few weeks later, on August 8, 2025, Young moved for default judgment. (Doc. 11). There, Young provided an affidavit from her attorney, Robb Stokar, that Young incurred $405.00 in filing fees and $5,065.50 in attorneys' fees. (Doc. 11-1).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides a two-step procedure for default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default. *Id.* And at that point, the complaint's factual allegations concerning liability, but not damages, are taken as true. *Beaver*, 2021 WL 1084610, at *2 (cleaned up); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Next, unless the claim "is for a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

Before granting a default judgment, a court must satisfy itself of two things. First, the court must verify that it has both subject-matter jurisdiction over the action and personal jurisdiction over any defendant against whom it grants a default judgment. *See Am. Clothing Express, Inc. v. Cloudflare, Inc.*, No. 2:20-cv-2007, 2022 WL 256337, at *1 (W.D. Tenn. Jan. 26, 2022). Second, the court must determine whether the facts in the complaint state a claim for relief against the defendant. *See Harrison v. Bailey*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) (Table) ("Default judgments would not have been proper due to the failure to state a claim against these defendants."). Said differently, to warrant default judgment, "the complaint must be able to survive a Rule 12(b)(6) motion to dismiss." *Buxton v. Hartin Asset Mgmt., LLC*, No. 1:22-cv-600, 2023 WL 4861724, at *6 (W.D. Mich. July 31, 2023) (citation omitted).

After confirming there is jurisdiction and a plausible claim, a court then "must conduct an inquiry" to establish the appropriate damages. *Beaver*, 2021 WL 1084610, at *2 (citation omitted). To do that, the court may either hold an evidentiary hearing, Fed. R. Civ. P. 55(b)(2), or it may determine damages without a hearing "if the damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," *Beaver*, 2021 WL 1084610, at *2 (citation omitted).

## LAW AND ANALYSIS

To begin, the Court concludes that Young has satisfied Federal Rule of Civil Procedure 55(a)'s requirement of showing a default. Defendants have failed to plead

or otherwise defend this action despite Young properly serving them. (Docs. 6, 7). Beyond that, Young's claim is based on "definite figures," so the Court need not hold an evidentiary hearing. *Beaver*, 2021 WL 1084610, at *2. In the Motion for Default Judgment, though, Young only moves for damages for the violation of the FLSA, and not under Ohio law or for unjust enrichment. For the reasons explained below, the Court concludes that Young is entitled to default judgment under Rule 55(b)(2), but because Young only moved for default judgment on the FLSA claim, the Court only grants judgment on that claim.

### A.    The Court Has Jurisdiction Over This Matter.

Jurisdiction does not pose a hurdle here. Start with subject-matter jurisdiction. Young asserts three claims here, one of which is under the FLSA, a federal law. (Doc. 1, #4–5). This Court has federal question jurisdiction over that claim. 28 U.S.C. § 1331. And the Court can exercise supplemental jurisdiction over Young's related state-law claims. *See* 28 U.S.C. § 1367(a). So the Court is secure in its subject-matter jurisdiction.

Now turn to personal jurisdiction. Young alleges that Family Matters Learning Center's principal place of business is in the Southern District of Ohio, and that the entity is "organized under the laws of the State of Ohio." (Doc. 1, #3).[2] Young does not allege Miller's residence, so it is unclear if the Court has general personal jurisdiction over her. Despite that, the Court likely has specific personal jurisdiction. The "critical

---

[2] *See also* Ohio Secretary of State, *Business Search*, https://businesssearch.ohiosos.gov/ (last visited Dec. 30, 2025) (showing Family Matters Learning Center LLC as a domestic LLC).

question" in specific personal jurisdiction cases is whether "the defendant's conduct and connection with the forum State are such that [s]he should reasonably anticipate being haled into court there." *Arnold v. CooperSurgical, Inc.*, 681 F. Supp. 3d 803, 815 (S.D. Ohio 2023) (quoting *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Miller "purposefully availed [herself] of the privilege of conducting business in the state of Ohio," *id.*, by owning Family Matters Learning Center and personally "set[ting] the terms and conditions of work" there, (Doc. 1, #3). So there are sufficient minimum contacts with Ohio for this Court to have specific personal jurisdiction over Miller. *Id.* Thus, the Court has personal jurisdiction over both Defendants.

**B.     Young Plausibly Alleged a Violation of the FLSA.**

Satisfied that the Court has jurisdiction to consider Young's claim, the Court next determines whether Young has stated a claim for relief against the Defendants. She has.

Under the FLSA, covered employers are required to pay their non-exempt employees a minimum wage for all hours worked. 29 U.S.C. § 206(a). So, before addressing the minimum wage aspect, the Court starts by assessing whether Defendants are covered employers and whether Young is non-exempt. Start with the latter. Young was employed as a Lead Pre-School Teacher. (Doc. 1, #2). The Court is not aware of any FLSA exemptions that would likely apply to her work in that capacity. As to the former, coverage can arise in two ways—either because the employee is working in interstate commerce (individual coverage) or because she is

6

working for an enterprise that is engaged in such commerce (enterprise coverage). *Dep't of Lab. v. Americare Healthcare Servs., LLC*, 762 F. Supp. 3d 666, 682 (S.D. Ohio 2025). "A plaintiff need only establish one or the other." *Walsh v. Americare Healthcare Servs., Inc.*, No. 2:21-cv-5076, 2023 WL 2544509, at *4 (S.D. Ohio Mar. 16, 2023). Young appears to be pleading enterprise coverage—she alleges that Family Matters Learning Center is a covered enterprise under 29 U.S.C. § 203(r). (Doc. 1, #3). Under that provision, an enterprise means "the related activities performed … by any person or persons for a common business purpose," which includes activities performed in connection with a pre-school. 29 U.S.C. §§ 203(r)(1), (2). Similarly, under § 203(s)(1)(B), an enterprise is "engaged in commerce or in the production of goods for commerce" when it is "engaged in the operation of … a preschool." If a company meets these criteria, then it will be covered by the FLSA. *See Walsh*, 2023 WL 2544509, at *4. Young alleges that Family Matters Learning Center operates as a daycare center, or in other words, a preschool. (Doc. 1, #3). Given that the FLSA expressly includes preschools as covered employers, the Court finds there is enterprise coverage. Thus, Family Matters Learning Center is subject to the FLSA.

The Complaint also plausibly alleges that Defendant Miller, in her individual capacity, is also a covered employer. The FLSA defines an employer as a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This language adopts an "economic reality" test, under which FLSA liability extends to "individuals who are chief corporate officers of the business, have a significant ownership interest in the business, control significant aspects of

the business's day-to-day functions, and determine employee salaries and make hiring decisions." *Diaz v. Longcore*, 751 F. App'x 755, 758 (6th Cir. 2018). Miller, in her capacity as both the owner and the person "set[ting] the terms and conditions of work" for Family Matters Learning Center, plausibly meets that definition. (Doc. 1, #3). So that means that Miller is plausibly responsible for any liability that the Family Matters Learning Center has under the FLSA to Young.

With that settled, turn to the minimum wage requirement. In order for the minimum wage to be considered fully paid by the employer, the wages must be paid "finally and unconditionally" or "free and clear." 29 C.F.R. § 531.35. So if an employer deducts an amount from the employee's paycheck "for the employer's benefit," then the minimum wage requirement is not satisfied. *Id.*; *see also Calderon v. Witvoet*, 999 F.2d 1101, 1107 (7th Cir. 1993) (citations omitted) ("[T]he employer may not reduce the wage below the statutory minimum to collect a debt to the employer."); *Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1370 (5th Cir. 1973) (holding that "deductions to repay the employer for the damage to the truck were impermissible" because they reduced the net wage below the minimum wage).

Defendants failed to pay Young the statutory minimum wage. Young worked 55.084 hours from March 31 to April 13, 2025. (Doc. 11, #46). Yet because of the $820.41 deduction for the broken computer, Defendants only paid Young $16.02. (*Id.*; Doc. 1-1, #11 (paystub showing deduction)). This is a gross underpayment of wages in violation of the FLSA. Therefore, Young has stated a claim for relief under the FLSA.

C. **Young Is Entitled to Damages and Costs for the FLSA Violation.**

Given that Young has stated a plausible claim for relief, the Court turns to damages. If an employer violates 29 U.S.C. § 206(a), they "shall be liable to the employee [] affected in the amount of their unpaid minimum wages … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Essentially, an employer is liable for double the amount of unpaid minimum wages. *See id.* But an employee's recovery is limited to the federal minimum wage; the FLSA does not cover the difference between the federal minimum wage and the employee's regular wage, called "gap time." *Garcia v. Jac-Co Constr., Inc.*, No. 2:23-cv-2485, 2024 WL 2303962, at *3 (W.D. Tenn. May 21, 2024). Here, Family Matters Learning Center paid Young $17.00 per hour. (Doc. 1, #2). But under the FLSA at least, she can only recover for unpaid wages up to the federal minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Young alleges that she worked 55.084 hours in the relevant work period, (Doc. 1, #4), which results in a total owed minimum wage of $399.36. Family Matters Learning Center paid Young $936.43 before taking out $820.41 for the cost of the broken computer. (Doc. 1-1, #11). Before taxes, then, it paid her $116.02. Family Matters Learning Center was required to pay her $399.36, so it underpaid her by $283.34. Young is also entitled to an equal amount as liquidated damages, so Family Matters Learning Center owes Young $566.68.

The Court recognizes this falls short of the $1,640.82 Young requests. (Doc. 11, #47). But $566.68 is all she is entitled to under the FLSA, and that is the only claim on which she moved for default judgment. Should Young wish to recover for the "gap time" or other penalties, she can perhaps seek those under related state law claims,

9

such as breach of contract or unjust enrichment. (Doc. 1, #5–6). As to such claims, though, there is also the possibility of setoff. After all, it appears that Young did break a computer. And she does not appear to dispute the value of that computer. So the questions under state law then would seem to be: (1) does breaking the computer create a debt?, and (2) can an employer use that debt as a setoff to a state-law contract or unjust enrichment claim? But, as Young has not asserted those claims as the basis for default judgment, the Court declines to consider those questions.

Beyond wages, a plaintiff also may recover reasonable attorneys' fees. 29 U.S.C. § 216(b). Here, Young's attorney provided an affidavit explaining the personnel involved, their hourly rates, and the costs of filing fees. (Doc. 11-1, #49–50). This Court has reviewed the information and finds that the stated hourly rates are reasonable and that the total appears appropriate given the nature of this case. Accordingly, the Court awards Young $5,470.50 ($5,065.50 in attorney's fees and $405.00 in filing fees). (*See id.*; Doc. 11, #47).[3]

So the total for the FLSA claim is $6,037.18.

D.   **Young Is Also Entitled to Costs and Attorneys' Fees for Service.**

Young also has moved for costs and attorneys' fees because Defendants failed to waive service without good cause. (*See* Doc. 8, #27–28). Federal Rule of Civil Procedure 4(d) imposes a duty on the party receiving service to "avoid unnecessary expenses." Rule 4(d)(2) specifically notes that if a defendant refuses to waive service,

---

[3] Young specifically notes these amounts are exclusive of the attorneys' costs and fees requested in her other Motion for Costs (Doc. 8). (Doc. 11, #47).

and does so without good cause, then the court *must* order the defendant to pay both the costs of making formal service and attorneys' fees from "any motion required to collect those service expenses."

In this case, on April 23, 2025, Young requested a waiver of service from Defendants via certified mail. (*Id.* at #27; Stokar Aff., Doc. 8-1, #30). The waiver packet conformed with Rule 4(d) and included "the Notice of a Lawsuit and Request to Waive service of a summons[,] which included notice of the consequences of failure to waive service, a copy of the Complaint, two copies of the Waiver of the Service of Summons, and a prepaid means of returning the signed waiver." (Doc. 8, #27). The signed certified mail receipt shows that Defendants received the waiver packet on April 29, 2025. (Doc. 8-2, #33). Yet Defendants never signed the waiver, or at least never returned a signed waiver. (Doc. 8, #28). Consequently, Young effected formal service of process, and a process server served Defendants on June 18, 2025. (*Id.*; Docs. 6, 7).

Young incurred $111.26 between the cost of certified mail and hiring the process server. (Doc. 8, #28; Doc. 8-3 (receipt of certified mail); Doc. 8-4 (process server invoice)). Moreover, she incurred $1,703.50 in attorneys' fees for preparing the motion. (Doc. 8, #28; Doc. 8-1, #31). The Court has reviewed the attorney's affidavit on this point as well, and finds that these fees are reasonable. Therefore, the Court awards $1,814.76 as the expenses incurred for Defendants' failure to waive service.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** both Plaintiff's Motion for Costs and Attorneys' Fees Due to Defendants' Failure to Waive Service (Doc. 8) and Plaintiff's Motion for Default Judgment (Doc. 11). Accordingly, the Court enters judgment against Defendants Family Matters Learning Center, LLC, and Defendant Makisha Miller, jointly and severally, in the amount of $7,851.94 (representing the sum of $6,037.18 for default judgment on the FLSA claim and $1,814.76 for expenses of service). The Court directs the Clerk to enter judgment in the amounts set forth above and to terminate this matter on the Court's docket.

**SO ORDERED.**

January 13, 2026
 **DATE**                                                **DOUGLAS R. COLE**
                                                         **UNITED STATES DISTRICT JUDGE**